35 F.3d 555
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert F. ANDERSON, Trustee in Bankruptcy for Rodney L.
Propps, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate
capacity, Defendant-Appellee.
 No. 93-1672.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 7, 1994.
Decided: September 16, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. Matthew J. Perry, Jr., District Judge. (CA-87-590-4)
 Henry Flynn Griffin, III, Anderson & Associates, P.A., Columbia, South Carolina, for Appellant.
 John Randolph Pelzer, Pelzer & Associates, P.A., Charleston, South Carolina, for Appellee.
 Jeannette E. Roach, Federal Deposit Insurance Corporation, Washington, D.C., for Appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL, WIDENER, and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In 1984 Rodney Propps ("Propps") organized SeaBank Savings ("SeaBank"), a federally chartered savings bank located in South Carolina. Propps owned 144,864 shares of SeaBank's stock, the majority of which he pledged to secure an indebtedness he owed to Park Bank of Florida ("Park Bank").
 
 
 2
 In November 1985, Propps entered into a contract to sell his SeaBank stock to William O. Sweeny, Jr. ("Sweeny") and Robert N. Swiger ("Swiger"), both members of SeaBank's Board of Directors, for $2,500,000.00 or $17.26 per share. Sweeny and Swiger, in turn, created a partnership to sell to the public the shares of SeaBank stock which they had contracted to purchase. After several weeks, only eleven subscriptions totaling $84,600.00 had been received by Sweeny and Swiger and the Federal Home Loan Bank Board had not granted Sweeny and Swiger 'change of control' approval.[1] Sweeny and Swiger accordingly terminated their agreement with Propps to purchase the SeaBank stock.
 
 
 3
 In February 1986, Park Bank was declared insolvent and the Federal Deposit Insurance Corporation ("FDIC") was appointed to act as receiver and liquidator of Park Bank's assets, including the loans to Propps. On July 2, 1986 and July 28, 1986, the FDIC sent Propps letters demanding repayment in full of his obligations to Park Bank. Propps did not comply with these demand letters.
 
 
 4
 In June 1986, the Directors of SeaBank ("Directors") had contacted the FDIC concerning the purchase of the SeaBank stock which the FDIC was holding as collateral for Propps' loans. On August 27, 1986, the Directors and the FDIC entered a Stock Purchase Agreement for the sale of 102,596 shares of SeaBank stock for $1,200,000.00 or $11.70 per share. On that same day, the shares were paid for and the stock certificates were delivered in Florida to a representative of the Directors.
 
 
 5
 Thereafter, Propps filed a declaratory judgment action on January 9, 1987 against the Directors in South Carolina state court alleging that the FDIC's sale of SeaBank stock to the Directors was void. The FDIC was later added as a party and the suit was removed to federal district court.
 
 
 6
 On September 17, 1987, Propps filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Robert F. Anderson ("Anderson") was appointed trustee and substituted as plaintiff in Propps' action. Anderson filed an amended complaint asserting additional causes of action against the FDIC and the Directors.[2] The FDIC moved to dismiss Anderson's amended complaint; the district court granted the FDIC's motion and accordingly dismissed the case. This court, however, reversed the district court's decision on appeal. Anderson v. FDIC, 918 F.2d 1139 (4th Cir.1990).
 
 
 7
 Anderson subsequently reached a settlement with the Directors, leaving only the claims against the FDIC. The FDIC then moved for summary judgment, which motion was granted by the district court.
 
 
 8
 On appeal, Anderson contends that the district court erred when it granted the FDIC summary judgment. We have reviewed the various arguments raised by Anderson and have determined that they are without merit. We accordingly affirm the opinion of the district court, Anderson v. FDIC, No. 4:87-590-0 (D.S.C. Apr. 14, 1993).
 
 AFFIRMED
 
 
 [1]
 The contract between Propps, Sweeny, and Swiger provided that the transfer of Propps' SeaBank stock would be closed upon approval of the sale by the Federal Home Loan Bank Board
 
 
 [2]
 Specifically, this amended complaint asserted causes of action against the FDIC and the Directors for avoidance of fraudulent transfer pursuant to 11 U.S.C. Secs. 544 and 548, breach of fiduciary duty, equitable subordination, conversion, breach of good faith, and interference with contract